## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

William Salier and Karla Salier,                Case No. 22-cv-82 (PJS/ECW)

        Plaintiffs,

v.                                    **ORDER**

Walmart, Inc. and Hy-Vee, Inc.,

        Defendants.

Plaintiffs William Salier and Karla Salier filed the Complaint in this action on January 13, 2022.  (Dkt. 2.)  The Complaint names Walmart, Inc. and Hy-Vee, Inc. as Defendants.  (*Id.* at 1.)  Plaintiffs allege subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.  (*Id.* ¶ 2 ("This Court has jurisdiction under 28 U.S.C. §§ 1332 because complete diversity of citizenship exists between the parties and the Plaintiffs seek more than $75,000 in damages.").)  "[T]he federal courts are obligated to raise the issue of subject-matter jurisdiction sua sponte." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 n.2 (8th Cir. 2001).  As explained below, Plaintiffs' jurisdictional allegations are deficient.

Plaintiffs allege that each of them is an "adult resident of Minnesota."  (*Id.* ¶¶ 4-5.) Plaintiffs further allege that "Defendant Walmart, Inc. (hereinafter, 'Walmart') is a publicly traded corporation incorporated under the laws of Delaware and headquartered in Bentonville, Arkansas" and that "[u]pon information and belief, Defendant Hy-Vee,

Inc. is a privately held corporation headquartered in West Des Moines, Iowa." (*Id.* ¶¶ 6-7.)

Federal court diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also* 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols.*, 486 F.3d at 346. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Plaintiffs bear the burden of alleging each party's citizenship. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *see also Barnett v. Bryce's Bail Bonding, Inc.*, 534 F. App'x 579, 580 (8th Cir. 2013) ("plaintiff has [the] burden to plead citizenship of parties when attempting to invoke diversity jurisdiction") (citing *Walker*, 108 F.3d at 158).

Plaintiffs' allegations do not establish diversity jurisdiction in this case because they have not properly alleged their own citizenships or Hy-Vee's citizenship. Plaintiffs allege only that they are "adult residents of Minnesota." (Dkt. 1 ¶¶ 4-5.) But a complaint "resting on residency . . . will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims LLC*, 854 F.3d 962, 965 (8th Cir. 2017). "[T]he term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident.'" *Id.* The Eighth Circuit

2

explained why: "Citizenship requires permanence.  Residency is a more fluid concept.

Unlike citizenship, residency does not require an intent to make a place home.  One

could, for example, be a resident of multiple states.  But one may be a citizen of just one

state."  *Id.* (cleaned up).  For purposes of federal jurisdiction, "domicile" and

"citizenship" are synonymous.  *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d

1079, 1086 (8th Cir. 2017).  "To establish domicile, an individual must both be

physically present in the state and have the intent to make his home there indefinitely."

*Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).  Because Plaintiffs only alleged they

are residents of Minnesota, they have not sufficiently alleged their own citizenship.

As to Hy-Vee, a corporation is "deemed to be a citizen of every State and foreign

state by which it has been incorporated and of the State or foreign state where it has its

principal place of business."  28 U.S.C. § 1332(c)(1)(A).  Here, Plaintiffs allege that

Hy-Vee is a "private corporation," but do not allege Hy-Vee's State of incorporation.

(Dkt. 1 ¶ 7.)  Accordingly, Plaintiffs have not sufficiently alleged Hy-Vee's citizenship.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or

appellate courts."  28 U.S.C. § 1653; s*ee also Dubach v. Weitzel*, 135 F.3d 590, 593 (8th

Cir. 1998).  The Court therefore grants Plaintiffs an opportunity to file an amended

complaint by February 3, 2022 that rectifies the deficiencies described above as to

diversity jurisdiction.

3

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT** on or before **February 3, 2022**, Plaintiffs must file an amended complaint that rectifies the deficiencies described above in relation to diversity jurisdiction.  If they fail to do so, the Court will recommend dismissal for lack of subject matter jurisdiction.


DATED: January 20, 2022                    *s/ Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge